PETITION OF JERRY GALLAGHER.

No. 11687.
Decided June 6, 1969.
456 P.2d 306.

Jerry Gallagher, pro se.

## MEMO OPINION

PER CURIAM:

Original proceeding. Petition for writ of habeas corpus filed by Jerry Gallagher, an inmate of the Montana State Prison, appearing pro se.

From the petition and accompanying exhibits it appears that an information was filed against Gallagher in the district court of Fergus County on July 21, 1959, charging him with the crime

of burglary in the first degree. The minutes of the district court disclose that on July 23, 1959, Gallagher was before the district court for arrangment, at which time the court informed him of his statutory rights as to an attorney and Gallagher waived his rights to an attorney. He received copy of the information, it was read to him, he was informed by the court of his statutory time for entry of plea, he waived that time and entered a plea of not guilty.

He was again before the district court on November 25, 1959, and asked permission to withdraw his former plea of not guilty. which request was granted, and he then entered a plea of guilty. He was then informed by the court of his statutory time for having sentence passed, he waived that time and asked that the sentence be passed at that time. He was asked if he had any legal cause to show why judgment and sentence of the court should not be pronounced against him, to which he replied that he had none. He was then sentenced to five years in the state prison.

In November of 1967 Gallagher was convicted of the crime of assault in the second degree and sentenced to a term of 5 years in the state prison. This conviction was appealed to this Court and affirmed. See State v. Gallagher, 151 Mont. 501, 445 P.2d 45. Gallagher was not charged with a prior conviction but he alleges that it was brought up during the course of the trial and was used by the prosecuting attorney in argument to support his guilt.

The trial transcript covering the cross-examination of Gallagher reads:

"Q. Mr. Gallagher, have you ever been convicted of a felony? A. (No response.)

"Q. Have you ever been convicted of a felony? A. Yes."

This concluded the testimony on the trial, both defendant Gallagher and the State resting.

442

Gallagher's counsel on his appeal to this Court was extremely diligent in raising all questions with respect to his trial in the district court, but no mention was ever made by such counsel of the present contention raised by this petition.

We note that the arraignment procedure followed by the district court in 1959 was thorough and complete and as required by our statutory law then in effect.

Petitioner argues that because the minutes do not show that he was advised of his right to counsel when he appeared before the district court on November 25, 1959, that he did not intelligently and understandingly waive his right to counsel and that he was not informed of his right to be represented by court appointed counsel at the time he changed his plea. Of course he was so advised at the time of his first appearance in the district court on July 23, 1959.

While petitioner purportedly relies upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 it must be noted that we are not here dealing with a case where a prior criminal conviction record was admitted to enhance the punishment since no prior conviction was charged. To the contrary, the petitioner's punishment of only 5 years, whereas under section 94-4713, R.C.M.1947, he would have received a minimum sentence of ten years, indicates conclusively that the prior criminal conviction was not used to enhance the punishment.

Nor is the record silent as to waiver of counsel as we have already pointed out. Considering all the pertinent and material matters presented, we find no facts sufficient to entitle the petitioner to the writ prayed for.

For these reasons the petition is denied and the proceeding is dismissed.